JOSEPH B. FLEMING, Respondent, v. C. E. WILLIAMS, Appellant.

(171 N. W. 824.)

**Judgment — default judgment — motion to vacate — affidavits of merit.**

This is a motion to vacate a default judgment. The moving affidavits fail to excuse the default and the proposed answer fails to show any defense.

Opinion filed March 10, 1919.

Appeal from the District Court of Grand Forks County, Honorable *Chas. M. Cooley,* Judge.

Affirmed.

*Bronson & Coghlan,* for appellant.

"The affidavit of merits and verified proposal answer are clearly within the rule of this court's requirements as to opening defaults." Wheeler v. Gaster, 11 N. D. 347; Bismarck Grocery Co. v. Yeager, 25 N. D. 547; Getchell v. Great Northern N. Y. Co. 24 N. D. 487; Sargent v. Kindred, 5 N. D. 8.

*Samuel J. Radcliffe,* for respondent.

"The showing made by defendant and appellant does not entitle him to have the default opened." Bazal v. St. Stanislaus Church, 21 N. D. 602; Ramey v. Smith, 106 Pac. 160; Thomas Mfg. Co. v. Erlandson,

32 N. D. 144; State Bank v. O'Laughlin, 37 N. D. 532; Rooker v. Bruce (Ind.) 85 N. E. 351; Johannes v. Coghlan, 23 N. D. 588.

ROBINSON, J. This is an appeal from a default judgment on a promissory note, and from an order denying a motion to vacate the default.

On March 7, 1916, defendant made to William Fitzer & Company, or order, a promissory note for $265.53, due April 1, 1916. The payee indorsed the note to the plaintiff. According to the affidavit of defendant the summons and complaint were served on him February 6, 1917, and by his written admission, on March 17, 1917, at Larimore, North Dakota, the summons and complaint were personally served on him. By oral agreement his time to answer was extended till May 1, 1917. On May 5th he went to Grand Forks and retained attorney Joseph Coghlan to answer. Coghlan was in no haste to answer, but as it appears on May 19th, he was about to answer when he collided with an automobile and was put out of business for two weeks. When he recovered, in June, the attorney for plaintiff refused to accept an answer and on September 24th, after due notice to Coghlan, judgment was taken by default. Both before and after judgment defendant moved to vacate the default. The motion was made on the usual affidavit of merits and on a proposed verified answer and on affidavits of himself and his attorney. However, the affidavits do not excuse the default and the answer fails to show a meritorious defense. It avers that the plaintiff is not a good faith purchaser of the note; that it was given on the price of two grain drills and a tractor disc harrow, at the price of $631, of which $100 was paid in cash; that the vendor warranted the machinery to be of good first-class workmanship, and to be in all respects first class and of the best and highest grade material and workmanship and superior to all other makes, whereas it was wholly worthless for any purpose; that it was faulty in construction and of poor material and of no value. The proposed answer deals in mere generalities. It contains no specific showing concerning the alleged warranty or the breach of the same. It is in no manner convincing, and, on the contrary, it gives a decided impression that it is not true. The record shows counsel for plaintiff has been courteous in extending time to answer, and that he did not seek or take a snap judgment.

Seven months after the service of the summons and complaint the judgment was entered on due notice to the defendant's attorney.

Order and judgment affirmed.

BIRDZELL, J. I concur, but express no opinion on the validity of the defense pleaded.

GRACE, J. I concur in the result only.

BRONSON, J., being disqualified did not participate.

CHRISTIANSON, Ch. J. (concurring specially). I am not prepared to say that the proposed answer in this case fails to state a defense. But I am entirely agreed that upon the record as a whole there was no abuse of discretion on the part of the trial court in refusing to relieve the defendant from his default.